**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**HUGH SKERKER,**

        **Plaintiff,**

      **v.**                                           **1:05-CV-978**
                                                            **(GLS)**

**THE TOWN OF COLONIE *et. al.*,**

        **Defendants.**

---

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Tobin, Dempf Law Firm             Kevin A. Louibrand, Esq.
33 Elk Street
Albany, New York 12207

**FOR THE DEFENDANTS:**

Maynard, O'Connor Law Firm      Edwin J. Tobin, Jr., Esq.
6 Tower Place
Albany, New York 12203

**Gary L. Sharpe**
**U.S. District Judge**

## Order to Show Cause

    On August 3, 2005, Hugh Skerker, through his attorney, Kevin A. Luibrand, Esq., filed a civil rights action against the Town of Colonie *et. al.*

(collectively, "Colonie").  *See Dkt. No. 1.*  On November 4, Colonie filed a motion for judgment on the pleadings and, alternatively, for summary judgment.  *See Dkt. No. 10.*  Colonie's motion was improperly docketed before Magistrate Judge Homer, an error that was corrected by Text Notice served on November 8, 2005.  *See Min. Entry, Nov. 8, 2005.*  The Notice reset the motion before this court, and set the return date for December 15, 2005.  *Id.*  As relevant, the notice provided: "Oral argument is required unless otherwise notified by the court."  *Id.*  The Notice parroted the local rule which provides: " ...[T]he parties shall appear for oral argument on the scheduled return date of the motion."  *See* L.R. 7.1(h).

On December 6, 2005, a Text Notice reset the motion return for February 2, 2006, and reiterated the requirement that the parties' attorneys appear for oral argument.  *See Min. Entry, Dec. 6, 2005.*  On December 8, Mr. Luibrand wrote Judge Homer asking that a Rule 16 conference be conducted as scheduled, and informed Judge Homer that the return on the dispositive motion was scheduled for February 2.  *See Luibrand Ltr., Dkt. No. 17.*

On February 2, 2006, Laura Sprague, Esq., appeared on behalf of Colonie for oral argument.  On behalf of Skerker, Mr. Luibrand failed to

2

appear.

As pertinent, Local Rule 7.1(i) provides: "A party who ... fails to comply with this Rule is subject to discipline as the Court deems appropriate, including sanctions and the imposition of costs and attorneys' fees to opposing counsel." As with all federal rules, local rules are enforceable, and the failure to abide by them is sanctionable. *See Carmona v. Wright*, --- F. Supp.2d --- , 2006 WL 172340, *5 (N.D.N.Y. Jan. 25, 2006) (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001); FED. R. CIV. P. 83(a)(b)). Naturally, whether to sanction and, if so, the appropriate sanction, are matters left to sound judicial discretion, as tempered by the demands of justice. *See Carmona,* 2006 WL 172340,*5. Furthermore, the offending party should always receive notice that sanctions are under consideration, and should have an opportunity to be heard.

Accordingly, and for the reasons stated, it is hereby

**ORDERED** that Kevin A. Luibrand, Esq., shall file an affidavit with the court on or before **FEBRUARY 12, 2006,** explaining his failure to appear for oral argument on February 2, 2006, and reciting any other factors he deems pertinent to whether this court should impose sanctions, and if so,

3

an appropriate sanction; and it is further

**ORDERED** that the Maynard, O'Connor Law firm shall reply, to the extent it deems appropriate, on or before **February 19, 2006**; and it is further

**NOTICED** that after the court has reviewed Mr. Luibrand's affidavit and any reply filed, it will either issue an order or advise the parties of what proceedings are further necessitated.

**SO ORDERED.**

Date: February 2, 2006
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge

4